### SAMUEL L. HALL vs. WILSON L. CANNON.

Every contract to do work, implies that it is to be done with skill and care, according to the nature of the work to be done; and that the contractor has the necessary knowledge and skill to do it.

The employer is not bound to accept any other performance; but if he in any manner sanctions it, and derives any benefit from it, the contractor may recover accordingly.

If a price was stipulated, the plaintiff in such case recovers in proportion to that price, subject to deductions for any defectiveness; if not, he recovers on the quantum meruit.

An admission made in an affidavit between other parties, is evidence of the fact against the party making it.

KENT, April term, 1846. This was an action of assumpsit, for work and labor, on a contract by plaintiff with the defendant, to do the joiner's work on a vessel, the barque "Fairmount."

*Mr. Bates* said there was a special contract, but that it had been varied by consent; that the substituted work was nearly finished, and to complete it, the plaintiff placed hands on board the vessel; but the defendant discharged them, and took off his vessel. This act (the removal of the vessel) would entitle the plaintiff to recover as for the whole work. He claimed $500.

*Ruth,* for defendant.—The contract of plaintiff was to *complete* the joiner's work on the "Fairmount," for $350. Hall commenced the work, and went on for some time very well, but he left it often, and employed house-carpenters to do it. They were not qualified to do

ship-joiner's work, without the presence and direction of a joiner, and Hall was not there often enough even to give them instructions. When the vessel was launched, the joiner's work was still unfinished; and remained unfinished when she went to Philadelphia. It was done very roughly. After she got to Philadelphia, two ship-joiners valued the work at $240; and its defectiveness injured the sale of the vessel at least $200.

The defendant offered in evidence the record of a libel, filed by the present plaintiff, in the District Court of the U. S., against the hull of the barque Fairmount, lately owned by Wilson L. Cannon; which libel was dismissed for want of jurisdiction. The record was offered for the purpose of getting in evidence the affidavit of Hall, which admitted a payment of $77, on account of work done. This evidence was objected to, as being inter alios.

*By the Court.*—The record is between the same parties, for the same cause of action. The libel was filed by Hall, against the barque Fairmount and owners. Cannon intervened and filed his answer; to which Hall replied. It is evidence for or against either of these parties, for any purpose; particularly as proof of an admission made by the plaintiff, of a credit, the admission being made in his affidavit. His answer in chancery, even between him and a third person, would be evidence. Record admitted.

*Layton*, to the jury.—We declare not upon any special contract, but on the common counts for work and labor, and on a quantum meruit. No special contract has been proved; but if it had, we have shown that the work was done according to a substituted plan, and was accepted by the defendant without objection. (8 *Pick. Rep.* 178; 10 *Johns. Rep.* 36; 4 *Wend. Rep.* 285; 7 *T. Rep.* 181; 21 *C. L. R.* 203-14; 24 *Ibid* 210. We do not understand that this is controverted.

*Smithers.*—I agree that you are properly in court on the quantum meruit.

*Layton.*—Then the question is, what ought we to have for our work? It is now too late for plaintiff to object that the work was not properly done. He made no such objection until called on for payment.

*Smithers* and *Ruth*, to the jury.—1st. In the action of assumpsit on the quantum meruit, the question is not how much loss the plaintiff sustained, or how much time or pains he took to do the work? but it is, how much benefit the defendant derived from it? (2 *Stark. Ev.* 877-9; *Ibid* 57.) 2d. Where there is a specific contract for work

and labor; and the price fixed; the plaintiff cannot recover more than the stipulated price. Hall could never have recovered more than $350 for doing *all* the work. He, of course, can recover no more for doing less than was contracted for. I agree that if the contract or amount of work were enlarged *by agreement,* the additional work may be recovered for in this action; but not otherwise. 3d. As this is an action on the quantum meruit, the plaintiff cannot recover, as he might in an action on the case, anything by way of damages for being turned off from the work, delayed, or any other such matter. The simple question is, what work did the plaintiff do, and what benefit did the defendant derive from it? This barque was built expressly for sale in the Philadelphia market; so proved by three witnesses. And only one witness has testified that the work was done properly, or so as to be fit for that market.

*Bates,* in reply, denied that the principle of recovery was the bene-to the defendant, and not the labor, or loss, or inconvenience, of the plaintiff. A party may order work done which may be of no benefit, or may be an actual injury to him; yet the person who does the work, may recover whatever he deserves to have.

BOOTH, *Chief Justice.*—Assumpsit is an equitable action, and plaintiff can only recover the amount to which, under all the circumstances of the case, he is justly entitled in equity and good conscience.

The plaintiff in this form of action must prove: 1st. The contract of the defendant. 2d. That the work and labor was done by the plaintiff. 3d. The price of the work.

1st. In this case it is admitted, that there was a contract between these parties; under which, plaintiff was to do the joiner's work on board the barque, and that the defendant was to pay him for it. 2d. It remains then for the plaintiff to prove, in order to be entitled to a verdict, that his work was done faithfully, according to the contract; or, if not done according to the contract, he must show that joiner's work was done by him, which the defendant adopted, and which was therefore, of some benefit to him.

But if it appears that the plaintiff has been guilty of mismanagement, or misconduct in his work; so that by reason of such mismanagement, or misconduct, no benefit whatever has been derived by the defendant, the plaintiff is not entitled to recover. And the reason is, that wherever a person undertakes, and is employed to perform a work requiring skill and labor, and fails to perform it in a good, skilful and workmanlike manner, so that the employer derives

*no benefit whatever*, the person employed is not entitled to recover any part of his demand.

Where a man holds himself out to the world as a person of skill and competency in any particular trade or calling, and is employed to perform work in that trade or calling, the law implies a contract on his part, to do the work in a skilful and workmanlike manner.

In such cases the employer purchases the skill, labor and judgment of the workman or mechanic, and no man ought to undertake such work, if he does not know that he is competent to perform it in a proper, skilful and workmanlike manner. But if the defendant has in any way acquiesced in the improper or inferior work, or has suffered the plaintiff to perform it, and taken it off his hands, he is bound to pay for whatever benefit or advantage he has derived from the work of the defendant.

In cases where there is an agreement that a specific sum shall be paid for the performance of any work, the plaintiff, though he has faithfully performed it, cannot recover beyond the price specifically agreed on ; and if part only of the work be done, the plaintiff is not entitled to recover more than the proportion which the value of the work done, bears to the specific price agreed on for the whole. And where a price has been specified, the plaintiff's claim for such specific sum, may be reduced by the defendant showing that the work done was of an inferior description and value to that contemplated or agreed on by the parties.

If the jury believe from the proof in the case, that the defendant interfered to prevent the plaintiff from performing the whole contract, yet the plaintiff by adopting this form of action, viz., indebitatus assumpsit, can recover no more than the value to the defendant of the work actually done. The only question, therefore, is whether Wilson L. Cannon, the defendant, has been *actually benefitted* by this work, and how much or to what extent. If he has, then to the extent or value of that benefit, the plaintiff is entitled to recover, and nothing beyond. Therefore it follows, that if the jury from the proof before them, are satisfied that the work was unskilfully or defectively executed; such an amount as is proportionate to the injury sustained by the defendant, from such unskilful or defective execution of the work, ought to be deducted from the price. But if it appears from the proof in the cause, that the defendant instead of being benefitted, has actually been injured by the unskilful manner in which this work has been performed, the plaintiff is not entitled to recover any thing. And therefore, if the jury are satisfied by the proof in the cause, that

the defendant was injured in the sale of the vessel, or otherwise, by reason of the unskilful or defective execution of *the* work, to an extent equal to the value of the work done, the defendant is entitled to a verdict.

Verdict for plaintiff, $291 59.

*Bates* and *Layton*, for plaintiff.
*Smithers* and *Ruth*, for defendant.